UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

HECTOR ERINEO JACINTO LOPEZ,
Petitioner,
v.
DANIEL BRIGHTMAN, et al.,
Respondents.

Case No.: 26-cv-4108-GPC(AHG)

**ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

On July 16, 2026, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his unlawful detention at the Otay Mesa Detention Center. ECF No. 1 ("Pet."). Respondents filed a return on July 22, 2026. ECF No. 4.

**BACKGROUND**

Petitioner Hector Erineo Jacinto Lopez ("Petitioner") is a noncitizen who entered the United States around 2003 and has lived and resided in the United States since his entry. Pet. ¶¶ 6, 14. He has been detained since around July 7, 2026. *Id*. ¶ 13.

**DISCUSSION**

In response to the order to show cause, Respondents claims their position that Petitioner is subject to mandatory detention under § 1225(b)(2); however, the Government acknowledges that the Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) and

that prior orders from this District have directed bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases. ECF No. 4 at 2.

In light of the plain text of § 1225(b)(2)—which requires mandatory detention for "applicant[s] for admission" who are "seeking admission"—and the government's previous longstanding practice of applying § 1226(a) rather than § 1225(b)(2) to noncitizens like Petitioner who are detained in the interior of the United States and have resided here for years, the Court concludes that Petitioner's detention is governed by § 1226(a) rather than § 1225(b)(2). *See Esquivel Pacheco v. LaRose*, 818 F. Supp. 3d 1168, 1176-78 (S.D. Cal. 2026); *Lagarda-Vega v. Noem*, No. 3:25-CV-02970-GPC-DDL, 2025 WL 3558931, at *3-*7 (S.D. Cal. Dec. 11, 2025).

In so finding, the Court determines that a bond hearing is the appropriate remedy in this case. Section 1226 requires only consideration of release on bond, and a bond hearing is therefore sufficient to correct Respondents' ongoing violation of the INA as to Petitioner. *See* 8 U.S.C. § 1226(a); *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1078 (S.D. Cal. 2025) (finding a bond hearing, rather than release, to be the appropriate remedy where Petitioner was wrongfully subjected to mandatory detention without a hearing under 8 U.S.C. § 1225(b)(2) rather than provided a bond hearing under § 1226(a)); *Esquivel-Ipina v. LaRose*, 812 F. Supp. 3d 1073, 1082 (S.D. Cal. 2025) (same). If Respondents fail to comply with this order, Petitioner may seek further relief from the Court at that time.[1]

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that

- The Petition for Writ of Habeas Corpus is GRANTED in part.
- Respondents SHALL provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of this order. At such hearing:

---

[1] Given the result, the Court declines to consider Petitioner's additional Fifth Amendment claim.

- Petitioner will bear the burden of demonstrating by a preponderance of the evidence that he is not a flight risk or danger to the community. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
- The immigration judge SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.
- The immigration judge SHALL weigh the factors outlined in *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). *See Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024).
- The immigration judge SHALL consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).
- Respondents SHALL make a complete record of the bond hearing available to Petitioner and his counsel.

- Respondents must FILE a Notice of Compliance within seven (7) days of the hearing confirming that Petitioner was provided with a bond hearing and stating whether Petitioner was released on bond;
- Respondents SHALL NOT transfer Petitioner from this district pending his bond hearing;
- The Clerk of Court SHALL enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: July 23, 2026

Hon. Gonzalo P. Curiel
United States District Judge